

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 14 2021

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KYLIE HUTH                                                                    PLAINTIFF

VS.                                        Case No.: 3:21-CV-00130-BRW

SHIPEX LLC; AND
JOHN DOE NOS. 1-4                                                             DEFENDANTS

This case assigned to District Judge **Wilson**
and to Magistrate Judge **Volpe**

## COMPLAINT

COMES NOW Plaintiff Kylie Huth, by and through her attorneys, McDaniel Law Firm, PLC, and for her Complaint against Defendant ShipEx LLC and John Doe Nos. 1-4, states as follows:

### JURISDICTION AND VENUE

1. That at the time of the subject occurrence, Plaintiff Kylie Huth was a resident of Lake City, Craighead County, Arkansas. Plaintiff Kylie Huth presently resides in Stockton, California.

2. That at all times pertinent hereto, Defendant ShipEx LLC (hereinafter referred to as "ShipEx") is/was a foreign for-profit corporation doing business in the State of Arkansas.

3. That Defendant ShipEx's headquarters and principal place of business is located in Salt Lake City, UT.

4. That Eldin Diglisic, 376 East 400 South, Suite 110, Salt Lake City, Utah 84111, is the registered agent for service of process for Defendant ShipEx.

5. That in addition and/or in the alternative to the above, Defendant John Doe Nos. 1-2, is the official name of any person or entity with which Defendant ShipEx and/or Mr. Richard Ceruti may be associated (including other principal(s), employer(s), or successor(s)-in-interest.) Further, Defendant John Doe Nos. 3-4 represent any shipper, broker, supplier, and/or, as

McDANIEL
LAW FIRM, PLC

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

applicable, recipient(s) of the loads being hauled by Mr. Richard Ceruti at the time of the subject occurrence.

6. That upon determining the identity of any current unknown tortfeasor, person or entity, Plaintiffs will amend the Complaint by substituting the real name for the pseudo-name.

7. That pursuant to A.C.A. §16-56-125, Plaintiffs have attached the Affidavit of Plaintiffs' Attorneys affirming the identity of a tortfeasor(s) is unknown, as **"Exhibit A."**

8. That this Court has subject matter jurisdiction over this cause as there is complete diversity of citizenship and the amount in controversy exceeds the minimum amount for federal diversity citizenship, i.e., greater than $75,000. 28 U.S.C.A. §1332(a).

9. That this Court has personal jurisdiction over the parties hereto.

10. That this Court is the proper venue for this action as the subject wreck occurred in this District. 28 U.S.C.A. §1391(b).

## FACTS

11. That at the time of the occurrence referred to herein, Mr. Richard Ceruti (hereinafter "Mr. Ceruti") was driving a tractor-trailer owned, leased, maintained, and/or operated by or on behalf of Defendant ShipEx.

12. That at the time of the occurrence, Mr. Ceruti was the agent, servant and/or employee of Defendant ShipEx.

13. That the tractor trailer involved in this collision was operated under U.S. Department of Transportation ("DOT") #1614362.

14. That DOT #1614362 is a permit to engage in interstate commercial transport by Defendant ShipEx.

15. That on the date of the subject occurrence, January 27, 2021, Mr. Ceruti had a Commercial Driver's License ("CDL").

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

16. That at all times pertinent hereto, Mr. Ceruti was a commercial motor vehicle driver subject to the regulations of the United States Department of Transportation and/or the State of Arkansas.

17. That at all times pertinent hereto including, but not limited to, January 27, 2021, Mr. Ceruti was in the course and scope of his employment and/or agency relationship with Defendant ShipEx.

18. That on January 27, 2021, at the time of the subject collision, the weather was clear and the highway was dry.

19. That on January 27, 2021, preceding the subject collision, Plaintiff Kylie Huth was traveling eastbound on Highway 18/Highland Drive approaching the intersection with Commerce Drive in Jonesboro, Craighead County, Arkansas.

20. That Plaintiff Kylie Huth's vehicle was a 2015 Buick Regal.

21. That at the same time, Mr. Ceruti was driving his tractor-trailer westbound on Highway 18/Highland Drive approaching the intersection with Commerce Drive.

22. That the intersection of Highway 18 and Commerce Drive is controlled by a traffic light.

23. That as both vehicles approached the controlled intersection at HWY 18 and Commerce Drive, they each had a solid green light.

24. That as both vehicles drew nearer to the controlled intersection at HWY 18 and Commerce Drive, their respective traffic lights changed from solid green to yellow.

25. That Plaintiff Kylie Huth intended to travel straight through the traffic light controlled intersection at HWY 18 and Commerce Drive.

26. That Mr. Ceruti intended to turn his tractor trailer left from westbound HWY 18/Highland Drive onto Commerce Drive (southbound).

McDANIEL
LAW FIRM, PLC

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

27. That Mr. Ceruti turned his tractor trailer left from westbound HWY 18/Highland Drive directly into the path of Plaintiff Kylie Huth's oncoming vehicle.

28. That Mr. Ceruti's tractor trailer struck Plaintiff Kylie Huth's vehicle on the front, left side.

29. That the damage to Plaintiff Kylie Huth's vehicle was catastrophic and a total loss.

30. That Plaintiff Kylie Huth suffered serious and permanent injuries as a result of the collision.

31. That Plaintiff Kylie Huth's vehicle had the right-of-way at all times applicable to this occurrence.

32. That the subject collision and all damages related thereto occurred as a proximate result of the negligent conduct of Mr. Ceruti (which is imputed to Defendant ShipEx) in particulars including, but not limited to, the following:

    a. That Mr. Ceruti failed to yield the right of way;

    b. That Mr. Ceruti negligently attempted to turn left when it was unsafe to do so;

    c. That Mr. Ceruti failed to maintain a proper lookout under the circumstances then and there existing;

    d. That Mr. Ceruti failed to maintain proper control of his vehicle for the circumstances then and there existing;

    e. That Mr. Ceruti was driving too fast for the conditions then and there existing;

    f. That Mr. Ceruti failed to comply with all rules, regulations, and duties required by the laws of the State of Arkansas and/or by DOT regulations; and,

    g. That Mr. Ceruti failed to use ordinary care under the circumstances then and there existing.

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

33.  That Defendant ShipEx was negligent in particulars including, but not limited to, the following:

    a.  Negligence in the hiring, training, and supervision of Mr. Ceruti;

    b.  Negligent failure to comply with all rules, regulations, and duties required by the laws of the State of Arkansas and by DOT regulations; and,

    c.  Otherwise failing to exercise ordinary care under the circumstances.

34.  That Plaintiff Kylie Huth was not guilty of any comparative fault.

35.  That no other person, firm, company, corporation, or entity of any type, other than those identified herein, was guilty of any negligence which was a proximate and contributing cause of the subject collision and/or Plaintiff's damages.

36.  That the conduct of Mr. Ceruti is imputed to Defendant ShipEx (and/or John Doe Nos. 1-4) under the doctrine of respondeat superior, vicarious liability, and/or by federal regulations in that he was the driver for Defendant ShipEx (and/or John Doe Nos. 1-4) and in the course and scope of his employment or agency relationship.

37.  That as a proximate result of the negligence of Mr. Ceruti, which is imputed to Defendant ShipEx, and the negligence of Defendant ShipEx (and/or John Doe Nos. 1-4), Plaintiff Kylie Huth sustained injuries to areas of her body including, but not limited to, her head, neck, arm(s), and leg, which required her to incur expenses for medical care and treatment in the past and in the future; she has suffered lost earnings and earnings capacity in the past and will continue to suffer lost earnings and/or earnings capacity in the future; she has endured pain, suffering, discomfort, mental anguish, and loss of enjoyment of life in the past and will endure pain, suffering, discomfort, mental anguish, and loss of enjoyment of life in the future; she has suffered disfigurement; her injuries are permanent in nature; and for all of which she should have judgment from and against Defendant ShipEx (and/or John Doe Nos. 1-4), jointly and/or

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

severally, in an amount to be set by the jury in an amount in excess of the minimum required for federal court diversity jurisdiction ($75,000).

38. That Plaintiff respectfully requests a trial by jury of twelve (12) persons.

39. That Plaintiff respectfully reserves the right to amend and plead further in this cause.

WHEREFORE, Plaintiff Kylie Huth prays she have and recover damages from Defendant ShipEx (and John Doe Nos. 1-4) in amounts to be set by the jury in excess of the minimum required for federal court diversity jurisdiction, for her costs, and for all other relief to which she may be entitled.

RESPECTFULLY SUBMITTED this *14* day of July, 2021.

McDANIEL LAW FIRM, PLC
Attorneys at Law
400 South Main Street
Jonesboro, Arkansas 72401
(870) 336-4747

Brett A. McDaniel
Arkansas Bar No. 2009008
*Attorney for Plaintiff Kylie Huth*

McDANIEL LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

IN THE UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KYLIE HUTH                                                                                  PLAINTIFF

VS.                                         Case No.: _____

SHIPEX LLC; AND
JOHN DOE NOS. 1-4                                                                   DEFENDANTS

## AFFIDAVIT

I, Brett McDaniel, attorney for Plaintiff Kylie Huth, pursuant to Ark. Code Ann § 16-56-125, state that the correct name and identity of the tortfeasor person(s), corporation(s) and entity(ies) are unknown. All due diligent efforts have been made to properly identify the name and identity of the unknown tortfeasor person(s), corporation(s) and entity(ies). If the name and identity of the unknown tortfeasor person(s), corporation(s) and entity(ies) is not one of the specifically named defendants as contained in this complaint, the use of the pseudo-name John and/or Jane Doe as the defendant is appropriate for the purpose of tolling the statute of limitations for these plaintiffs against these unknown defendants. Furthermore, if there is more than one (1) such unknown tortfeasor, the use of John and/or Jane Doe 1, John and/or Jane Doe 2, John and/or Jane Doe 3, etc. is also appropriate as set out in the complaint.

DATED this **14** day July, 2021.

_____
Brett McDaniel
Arkansas Bar #2009008

McDANIEL LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919



EXHIBIT A

7

State of Arkansas

County of Craighead

    Subscribed and sworn to before me on this \_14\_ day of July, 2021.

*[signature]*
Notary Public

10-26-2026
My Commission Expires

Chelsea Bordelon
Notary Public
Crittenden County, Arkansas
My Comm. Expires October 26, 2026
Commission #12699232

McDANIEL
LAW FIRM, PLC

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919